# COMMON PLEAS COURT

No. 351

CENT. GEORGIA RY. CO. v. LEONARD et

Hamilton Common Pleas

No. 191043. Decided Feb. 6, 1926

**209. CARRIERS—Where shipper of interstate commerce sells goods in transit and carrier does not collect full charges from consignee, in disregard of shipping directions, and balance of charges becomes uncollectable from** consignee, carrier cannot thereupon collect such charges from the shipper, it having estopped itself by its negligence in failing to follow instructions.

DARBY, J.

The partnership of Leonard, Crosset and Riley delivered to the Central Georgia Railway Co., a carload of watermelons consigned to themselves at Savannah, Georgia, which were thereafter re-consigned to themselves at Montreal and thereafter again re-consigned to one Corby at Ottawa, Canada.

The cargo, while in transit was sold by the partnership to Corby for $200 f. o. b. shipping point and a draft was drawn for this amount upon Corby; a written order attached thereto directing the railroad agent at the destination to deliver the shipment to Corby upon said order and payment of all charges.

The written order was presented by Corby and the statement of facts set forth that the agent at the destination should have known from the generally recognized custom of the business that when Corby presented said written order for delivery of the car that he had paid the draft accompanying same and that he had thereby become owner of the shipment. It was further set forth that the car had been billed "collect" and that the agent at the destination had a legal right to retain possession of said car until the full amount of the charges was paid by Corby, and that the agent, instead of collecting the through rate from Corby, from point of origin to destination, collected only the local rate from Montreal to Ottawa; that Corby at this time was solvent and able to pay full charges on said shipment. The agent released the car to Corby without collection of all charges and no effort was made to collect the balance of such charges until after Corby had died and his estate distributed among his heirs so that the charges were uncollectable against his estate.

The Company brought its action in the Hamilton Common Pleas against the firm of Leonard, Crosset & Riley claiming the full through rate from point of shipment to Montreal plus the local rate from Montreal to Ottawa. The defendants claimed that if they were liable it should be only for the through rate from point of shipment to Ottawa and if held liable they should be credited with the amount paid by Corby, to be deducted from the through rate. The Common Pleas held:

1. The question arises as to whether or not under the circumstances of the case the Railway Co. is entitled to recover at all.

2. The Company depends on 265 US. 59

## COMMON PLEAS COURT — Continued

which case held that "No contract of a carrier can reduce the amount of charges legally payable to it by its tariff for an interstate shipment, or release from liability a shipper who has assumed their payment; nor can any act or omission of the carrier (except the running of the statute of limitations) estop or preclude it from enforcing payment of the full amount by the person charged."

3. It is claimed that by force of the decision in that case that the Company cannot be estopped from collecting from the shipper the freight and charges which it failed to collect from the consignee.

4. It must be conceded that the shipper was primarily liable in this case regardless of what the bill of lading contained, inasmuch as the goods were consigned by the shipper to themselves and re-consigned to themselves at another given point.

5. But where the carrier fails to collect according to shipping directions from the consignee, it is in no better position than any other person whose acts would estop it from making a claim.

6. The shipper did all in its power to collect the full charges from the consignee and entrusted to the carrier the duty of such collection.

7. If this were not a case under the Interstate Commerce Act, it is plain that the company must be estopped by its actions in this case.

8. It cannot be conceived that the drastic provisions of the Interstate Commerce Act meant to impose liability upon innocent shippers where the carrier was guilty of gross negligence in failing to collect charges upon express orders.

9. This is a case in which the active failure of the carrier's agent to comply with the shipping orders resulted in the loss; and it would be unfair to permit the Company to collect from the shipper, although primarily liable, what it should have collected from the consignee when it delivered the shipment.

10. There was no effort on part of the carrier to collect the charges now sued on for nearly three years from the time of the transaction; and the company is not entitled to recover.

Judgment for defendant.

Attorneys—Freiberg, Avery & Simmonds for Company; Hightower, O'Brein & Porter for Leonard et; all of Cincinnati.